IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Cecil Jerome Quinn, Jr., | ) | |
| | ) | C.A. No. 8:23-6176-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| State of South Carolina Marshals, Agent Dillion, Warden Robert Michael Stevenston III, Warden Nelson, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02.  Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights.  In her Report and Recommendation filed on January 16, 2024, Judge Austin recommended dismissing Plaintiff's claims without issuance and service of process pursuant to 28 U.S.C. § 1915A.  (R&R 9, ECF No. 19.)   Plaintiff filed a number of motions for miscellaneous relief that the court construes as objections to the Report and Recommendation and a motion to appoint counsel.  (Objs., ECF No. 24.)

Objections to a report and recommendation must be specific.  A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976).  The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept,

1

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1). "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Upon review, Plaintiff has not filed any specific objections to the substance of the magistrate judge's findings or conclusions. Further, Plaintiff is attempting to submit filings on behalf of a person who is not a party to this action. Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (stating that a prisoner cannot act as a "knight-errant" for other prisoners). In addition, even if the court were to consider Plaintiff's objections as an attempt to amend his complaint, amendment would be futile as Plaintiff's allegations are patently frivolous and do not present a plausible claim for relief. See Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019). As with Plaintiff's previous filings, the allegations are largely incomprehensible, delusional, and plainly fail to meet the Twombly/Iqbal plausibility standard. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009); see also Thomas v. Salvation Army S. Territory, 841 F.3d 632, 637 (4th Cir. 2016) (noting that a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as Federal Rule of Civil Procedure 12(b)(6)). Therefore, having reviewed the Report and Recommendation, the

court adopts Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the motion to appoint counsel, docket number 24, is denied.  It is further

**ORDERED** that this action is dismissed without issuance and service of process pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
February 8, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.